# EXHIBIT 3

**Amended Summons and Amended Complaint**

FILED
09-15-2026
Clerk of Circuit Court
Polk County, Wisconsin
2026CV000189
Honorable Daniel J. Tolan
Branch 1

**STATE OF WISCONSIN CIRCUIT COURT POLK COUNTY**

Lauritsen Firewood & Rental, Inc.
2606 250th Ave
Cushing, WI 54006
Plaintiff,

-vs-

ZIEGLER CAT
901 West 94th Street
Minneapolis, MN 55420-4236

-and-

AGCO Corporation
4205 River Green Parkway
Duluth, Georgia 30096
Defendants.

**CASE NO: 26 CV 189**
**CASE CODE: 30301**

## AMENDED SUMMONS

**THE STATE OF WISCONSIN,** to each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days to all defendants, or within forty-five (45) days if the defendant is the State or officer or agency of the State, if any of the claims are based in tort, or if the defendant is an insurance company, or within sixty (60) days if the defendant is the United States of America, of receiving this Summons, you must respond with a written Answer, as that term is used in Chapters 801 and 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Clerk, whose address is:

Polk County Clerk of Court
1005 West Main Street
Suite 300
Balsam Lake, WI 54810

and to Andrew M. Nelson, plaintiff's attorney, whose address is:

Nelson & Lindquist, S.C.
600 Third Street
Hudson, Wisconsin 54016

You may have an attorney help or represent you.

If you do not provide a proper Answer within twenty (20) days to all defendants, or within forty-five (45) days if the defendant is the State or officer or agency of the State, if any counts are based in tort or if the defendant is an insurance company, and within sixty (60) days, if the defendant is the United States of America, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 15th day of Septemer, 2026.

NELSON & LINDQUIST, S.C.
Attorneys for Plaintiff

*/s/ electronically signed by Andrew M. Nelson*
Andrew M. Nelson, WI Bar No: 1061508

Nelson & Lindquist, S.C.
600 Third Street
Hudson, WI 54016
(715) 381-8270 – Phone
(866) 343-5180 – Fax
Email: drew@nelsonlindquist.com

FILED
09-15-2026
Clerk of Circuit Court
Polk County, Wisconsin
2026CV000189
Honorable Daniel J. Tolan
Branch 1

**STATE OF WISCONSIN CIRCUIT COURT POLK COUNTY**

Lauritsen Firewood & Rental, Inc.
2606 250th Ave
Cushing, WI 54006
Plaintiff,

**CASE NO: 26 CV ___**
**CASE CODE: 30301**

-vs-

ZIEGLER CAT
901 West 94th Street
Minneapolis, MN 55420-4236

-and-

AGCO Corporation
4205 River Green Parkway
Duluth, Georgia 30096
Defendants.

## AMENDED COMPLAINT

NOW COMES the Plaintiffs, Lauritsen Firewood & Rental, Inc., by their attorneys, Nelson & Lindquist, S.C. by Attorney Andrew M. Nelson, and hereby complains and alleges as follows:

## PARTIES & JURISDICTION

1. Lauritsen Firewood & Rental, Inc. is the Plaintiff in this action whose primary place of business is in Cushing, WI, located in Polk County, WI.
2. Defendant Zeigler CAT sold a Model MT645C Tractor manufactured by AGCO to the Plaintiffs who were located in Polk County, WI.
3. AGCO manufactured a Model MT645C Tractor, which was ultimately sold to the Plaintiff in Polk County, WI
4. Polk County circuit court holds the proper jurisdiction and is the proper venue to hear this dispute.

## STATEMENT OF FACTS

5. The Plaintiff purchased an AGCO Model MT645C Tractor in 2011 for use in their farming operations located in Polk County, WI.

6. The Tractor was purchased from Ziegler CAT, who sold AGCO products and warrantied the same through their agency agreement.
7. During the initial warranty period, the Plaintiff complained multiple times to ZIEGLER CAT about the batteries being drained, the radio staying on and the machine being unable to turn completely off.
8. Plaintiff also raised concerns with the deadman switch not operating properly during this same warranty period.
9. AGCO, through ZIEGLER CAT, addressed these and many additional concerns that were all covered by the initial warranty, including full replacement of the engine at one point.
10. After the warranty had expired, Plaintiff continued to experience issues with the battery being drained, the radio refusing to turn off and continued to have issues with the deadman switch on the Tractor.
11. Other components began to fail on the machine after the warranty was up, including faulty hydraulic remotes, loss of calibration of finger tips for certain components, hydraulic pumps and other component failures, which continues to this day.
12. On June 20, 2023, ZIEGLER CAT send a technician to troubleshoot the battery drain and radio/computer not turning off yet again.
13. After years of issues, it was finally discovered that the main ground cables were hooked up incorrectly.
14. This incorrect connection leads to the deadman switch failing to shut down the machine and also resulted in a continuous draw, keeping the computer running all the time, in addition to the radio being unable to shut off.
15. For years, the Tractor was experiencing failures in the electrical system which affected many other components in the machine due to the main ground cables being installed incorrectly.
16. Upon information and belief, AGCO Corporation was responsible for the manufacture and construction of the Tractor and all components, including the main ground cables being installed correctly.
17. Upon information and belief, the continuous draw on the batteries over the years caused irreparable damage to the electrical components of the machine and resulted in excess of $45,000.00 in out of warranty work that needed to be performed on the Tractor to keep it operational.

18. Upon information and belief, AGCO and/or ZIEGLER CAT maintained service records, warranty claims, technical service bulletins, engineering reports, diagnostic information, and other records that would have revealed the recurring nature of the electrical failures and the existence of the underlying grounding defect, the contents of which were not disclosed to Plaintiff.
19. To date, the computer system causes ongoing failures resulting in missing areas in the planting of crops, being unable to operate certain attachments to the PTO and a continued failure of the hydraulic pump and system.
20. Specifically, the computer is so damaged from the electrical failures that it attempts to pump hydraulic fluid in both directions at the same time, depending on the component attached to the tractor at the time.
21. These ongoing issues have resulted in having to replace batteries at least 5 additional times outside of the warranty period, plus additional expenses for replacement or repair of components that were damaged as a result of the electrical failures that were unknowingly present dating back to the date of manufacture of the Tractor.
22. In addition, the Plaintiff has suffered losses due to failure of the components to plant an entire field, leaving vacant areas of the field that would otherwise have produced crops.
23. The loss of yield has resulted in an estimated loss of over $62,000.00 over the life of the tractor so far.
24. Plaintiff has suffered losses due to downtime, including having to pay employees and contractors while they waited for batteries to charge on the tractor before they could be put to use, which was compounded by certain times of the year like planting season and harvesting season.
25. The additional time and expense over the life of the Tractor so far has resulted in a loss and/or damages exceeding $85,000.00.

**FIRST CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT (AS AGAINST DEFENDANT AGCO**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.
27. Defendant AGCO designed, manufactured, assembled, marketed, distributed, and placed into

the stream of commerce the AGCO Model MT645C Tractor purchased by Plaintiff.

28. At the time the Tractor left the possession and control of AGCO, it contained a manufacturing defect in that the primary grounding cables and associated electrical system components were improperly installed, connected, configured, or assembled.
29. The manufacturing defect caused a continuous electrical draw on the batteries and electrical system, prevented the Tractor from completely powering down, interfered with the operation of the deadman switch, and caused damage to other electrical and hydraulic components of the Tractor.
30. The Tractor was defective and unreasonably dangerous to users because it was capable of operating with a malfunctioning deadman switch and electrical system while appearing to function normally.
31. The manufacturing defect existed at the time the Tractor left AGCO's possession and control and was not caused by any misuse, abuse, alteration, or modification by Plaintiff.
32. The manufacturing defect was a substantial factor in causing Plaintiff's damages, including but not limited to repair expenses, replacement of batteries, damage to electrical and hydraulic components, crop losses, loss of productivity, employee downtime, contractor expenses, and other consequential damages.
33. As a direct and proximate result of the manufacturing defect, Plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $240,000.00

**SECOND CAUSE OF ACTION: NEGLIGENT MANUFACTURE (AGAINST DEFENDANT AGCO)**

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.
35. AGCO owed a duty to exercise ordinary care in the design, manufacture, assembly, inspection, testing, and quality control of the Tractor.
36. AGCO breached its duty of care by, among other things:
    a. Improperly installing, connecting, or assembling the Tractor's grounding system;
    b. Failing to adequately inspect the Tractor before placing it into the stream of commerce;
    c. Failing to identify defects in the electrical system during manufacturing;

d. Failing to implement adequate quality-control procedures; and

e. Failing to discover and correct the electrical defects that existed within the Tractor.

37. AGCO knew or should have known that improper installation of grounding components could result in electrical failures, battery drainage, malfunction of safety systems, and damage to other components of the Tractor.

38. AGCO's negligence was a substantial factor in causing Plaintiff's damages.

39. As a direct and proximate result of AGCO's negligence, Plaintiff sustained damages including repair costs, replacement costs, crop losses, downtime losses, labor expenses, lost productivity, and other consequential damages in excess of $240,000.00.

**THIRD CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (AGAINST BOTH DEFENDANTS)**

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. AGCO and ZIEGLER CAT were merchants with respect to the sale and distribution of agricultural equipment, including the Tractor at issue.

42. An implied warranty of merchantability arose in connection with the sale of the Tractor.

43. Defendants impliedly warranted that the Tractor was fit for the ordinary purposes for which such tractors are used.

44. At the time of sale, the Tractor was not merchantable and was not fit for its ordinary purpose because it contained latent electrical defects, including improperly connected grounding components that caused repeated failures of the electrical, safety, and hydraulic systems.

45. The Tractor failed to perform in a safe, reliable, and ordinary manner expected of agricultural equipment of its type.

46. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained damages including repair expenses, replacement batteries, component failures, crop losses, downtime losses, labor expenses, and other consequential damages in excess of $240,000.00.

**FOURTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY (AGAINST BOTH DEFENDANTS)**

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.
48. AGCO and ZIEGLER CAT provided written and/or oral warranties regarding the Tractor and its components.
49. Defendants expressly represented that the Tractor was free from defects in materials and workmanship and would perform as intended for agricultural use.
50. During the warranty period, Plaintiff repeatedly reported the same electrical and operational issues to Defendants.
51. Defendants repeatedly undertook warranty repairs and represented that the reported problems had been repaired or corrected.
52. Despite such representations, the underlying electrical defect remained present and continued to cause failures within the Tractor.
53. Defendants failed to repair or correct the underlying defect and therefore failed to fulfill the obligations and promises contained within their express warranties.
54. As a direct and proximate result of Defendants' breach of express warranty, Plaintiff sustained damages including repair expenses, replacement batteries, loss of crop production, labor costs, downtime expenses, and other consequential damages in excess of $240,000.00.

**FIFTH CAUSE OF ACTION: NEGLIGENT REPAIR AND SERVICE (AGAINST ZIEGLER CAT)**

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.
56. Beginning during the warranty period and continuing for many years thereafter, Plaintiff repeatedly reported battery drain issues, electrical malfunctions, radio operation issues, deadman switch failures, and related concerns to ZIEGLER CAT.
57. ZIEGLER CAT undertook to diagnose, service, inspect, and repair the Tractor on numerous occasions.
58. Having undertaken those repairs and services, ZIEGLER CAT owed Plaintiff a duty to exercise ordinary care in diagnosing and repairing the reported problems.
59. ZIEGLER CAT breached that duty by:

a. Failing to properly inspect the Tractor's grounding system;
b. Failing to identify the root cause of the recurring electrical problems;
c. Failing to properly diagnose the source of the battery drain;
d. Failing to properly diagnose the deadman switch malfunction;
e. Performing repairs that failed to address the actual defect; and
f. Failing to exercise reasonable care and skill ordinarily possessed by service technicians engaged in agricultural equipment repair.

60. Had ZIEGLER CAT exercised ordinary care, the defective grounding condition would have been discovered and corrected years earlier.

61. As a direct and proximate result of ZIEGLER CAT's negligence, Plaintiff sustained damages including unnecessary repair expenses, replacement batteries, damage to electrical and hydraulic systems, downtime losses, labor expenses, crop losses, and other consequential damages in excess of $240,000.00.

**SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION (AGAINST ZIEGLER CAT)**

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. During the course of servicing and repairing the Tractor, ZIEGLER CAT supplied information to Plaintiff regarding the condition of the Tractor and the effectiveness of repairs that had been performed.

64. ZIEGLER CAT represented, either expressly or impliedly, that the reported electrical and operational issues had been corrected, repaired, or resolved.

65. Such representations were untrue because the underlying grounding defect remained present and continued to affect the operation of the Tractor.

66. ZIEGLER CAT failed to exercise reasonable care or competence in obtaining or communicating information regarding the actual condition of the Tractor.

67. Plaintiff reasonably relied upon ZIEGLER CAT's representations and continued operating the Tractor without knowledge of the latent defect.

68. As a direct and proximate result of ZIEGLER CAT's negligence, Plaintiff sustained damages including unnecessary repair expenses, replacement batteries, damage to electrical and

hydraulic systems, downtime losses, labor expenses, crop losses, and other consequential damages in excess of $240,000.00.

## SEVENTH CAUSE OF ACTION: FRAUDULENT CONCEALMENT AND EQUITABLE ESTOPPEL (AGAINST BOTH DEFENDANTS)

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68 as though fully set forth herein.
70. Throughout the warranty period and for years thereafter, Plaintiff repeatedly reported the same recurring electrical and operational problems affecting the Tractor, including battery drain, failure of the radio and computer system to power down, malfunction of the deadman switch, and related electrical issues.
71. Defendants AGCO and ZIEGLER CAT possessed substantially greater knowledge regarding the design, manufacture, operation, diagnosis, and repair of the Tractor and its electrical systems than Plaintiff.
72. Upon information and belief, Defendants knew or should have known that the recurring symptoms experienced by Plaintiff were caused by a latent defect within the Tractor's electrical grounding system and related components.
73. Despite repeated complaints and repeated opportunities to inspect, diagnose, and repair the Tractor, Defendants failed to disclose the existence of the underlying defect to Plaintiff.
74. Instead, Defendants repeatedly represented, either expressly or by implication, that the reported problems had been repaired, corrected, addressed, or otherwise resolved.
75. Defendants further continued to diagnose, inspect, service, and repair the Tractor over a period of years, thereby leading Plaintiff to reasonably believe that Defendants were actively investigating and attempting to resolve the underlying cause of the recurring failures.
76. Plaintiff reasonably relied upon Defendants' superior knowledge, expertise, representations, repair efforts, and continued attempts to diagnose and correct the recurring problems.
77. Plaintiff did not discover, and through the exercise of reasonable diligence could not have discovered, the true nature and cause of the latent grounding defect until it was ultimately identified years after the Tractor was originally sold.
78. As a direct result of Defendants' conduct, representations, omissions, and continued repair efforts, Plaintiff was prevented from discovering the true nature and extent of its claims

against Defendants at an earlier date.

79. Defendants should therefore be equitably estopped from asserting any statute of limitations, statute of repose, warranty limitation period, notice defense, or other time-based defense arising from Plaintiff's delayed discovery of the latent defect.

80. To the extent Defendants knowingly concealed, failed to disclose, or misrepresented material facts concerning the existence, nature, or cause of the latent defect, such conduct constitutes fraudulent concealment that tolled any otherwise applicable limitations periods.

81. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages including repair expenses, replacement batteries, damage to electrical and hydraulic systems, crop losses, labor expenses, downtime losses, lost productivity, and other consequential damages in excess of $240,000.00.

WHEREFORE, Plaintiff requests that the Court determine that any applicable statutes of limitation, statutes of repose, warranty limitation periods, or other time-based defenses were tolled or otherwise rendered inapplicable by Defendants' conduct, award Plaintiff compensatory damages according to proof at trial, in excess of $240,000.00, together with costs, disbursements, interest, and such other and further relief as the Court deems just and equitable.

Dated this 15th day of September, 2026.

NELSON & LINDQUIST, S.C.
Attorneys for Plaintiff

*/s/ electronically signed by Andrew M. Nelson*
Andrew M. Nelson, WI Bar No: 1061508

Nelson & Lindquist, S.C.
600 Third Street
Hudson, WI 54016
(715) 381-8270 – Phone
(866) 343-5180 – Fax
Email: drew@nelsonlindquist.com